**Henrri Fernando HERNANDEZ–ORTIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72658.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted July 12, 2004.*

Decided July 19, 2004.

Erika Anne Kreider, Tucson, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization,Phoenix, AZ, OIL, Michael T. Dougherty, Jennifer A. Parker, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM **

Henrri Fernando Hernandez–Ortiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a).

Hernandez–Ortiz contends that he has a well-founded fear of persecution on account of his membership of the Quiché ethnic or racial group. We conclude that substantial evidence supports the IJ's determination that Hernandez–Ortiz is not eligible for asylum on account of race or ethnicity. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004) (stating that an IJ's decision can be overturned only if "the evidence is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed").

Hernandez–Ortiz also contends that he has a well-founded fear of persecution on account of his membership of a particular social group, namely, indigenous Mayan priests. Because Hernandez–Ortiz did not present this claim to the BIA, we lack jurisdiction to consider it. *See Cortez–Acosta v. INS,* 234 F.3d 476, 480 (9th Cir.2000) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citation omitted).

Hernandez–Ortiz also challenges the legality of the BIA's streamlining procedures. This challenge is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not compromise appellate review because the IJ's decision becomes the final agency action subject to direct review by the Court of Appeals).

By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.